DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 4:10 CR 415 |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION |
| v. ) | |
| ) | |
| TRENT SHEPARD, ) | |
| ) | |
| Defendant. ) | |

I. Introduction

The defendant was charged in a superseding indictment which alleged three counts of receipt of child pornography and one count of an attempt to receive child pornography.  On Monday, August 8, 2011, the jury returned guilty verdicts as to all four counts.  The defendant is scheduled to be sentenced on November 9, 2011.  The defendant has filed a motion for acquittal or a new trial.  The defendant has also filed a motion to be released pending sentencing.

After reviewing the briefs and materials filed by both parties in support of their respective positions, the Court finds that the defendant is not entitled to acquittal or to a new trial and also that he should remain detained pending his sentencing.

The Court's reasoning follows.

II. The Statute of Limitations Issue

The count for which the defendant was convicted in Count I of the June 23, 2011 superseding indictment was alleged to have taken place from on or about August 28, 2002, through on or about March 7, 2004.  Count II of the superseding indictment involves conduct

(4:10 CR 415)

alleged to have taken place from on or about January 15, 2006, through on or about July 19, 2006.  The provision in the United States Code that previously governed the statute of limitations for receipt and attempted receipt of visual depictions of real minors engaged in sexually explicit conduct was 18 U.S.C. § 3282 and states:

> (a) In general.—Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

Prior to addressing the substantive aspects of whether or not this defense has been properly asserted, the Court must first determine if the defendant has waived this defense by failing to raise it prior to trial pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure.

A.  Has the defendant waived his statute of limitation defense?

The Sixth Circuit addressed the ambiguity and contradictory case law surrounding the nature and availability of a statute of limitations defense in the case of *United States v. Bucheit,* No. 03-4177, 2005 WL 1285713 (6th Cir. 2005).  Rule 12 of the Federal Rules of Criminal Procedure states:

> (2) Motions That May Be Made Before Trial.  A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue;
>
> (3) Motions That Must Be Made Before Trial.  The following must be raised before trial:
>
>> (A) a motion alleging a defect in instituting the prosecution;

2

(4:10 CR 415)

> (B) a motion alleging a defect in the indictment or information–but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense.

Fed R. Crim. P 12(b). Motions that raise statute of limitations defenses have been held to be both motions that may be raised before trial, and motions that must be raised before trial. Many circuit courts have held that the district court must determine if the argument for the imposition of the statute of limitations is based on the facial or factual sufficiency of the indictment. *See, e.g., United States v. Ramirez*, 324 F.3d 1225, 1227 (11th Cir. 2003)(holding a statute of limitations claim based solely on the facial sufficiency of the indictment is waived if not raised before trial and otherwise in accordance with Rule 12).

     The controlling case in the Sixth Circuit on waiver with respect to a statute of limitations defense is *United States v. Crossley*, 225 F.3d 847, 858 (6th Cir. 2000) in which the Court held that "absent an explicit waiver, the statute of limitations presents a bar to prosecution that may be raised for the first time on appeal." In *Bucheit, supra,* the Court resolved the issues that had been raised in previous cases decided by the Sixth Circuit in which the courts discussed the factual versus facial distinction that is used by other circuits. 2005 WL 1285713, at *4-6. Despite the mentioning of the facial versus factual distinction arising in several Sixth Circuit cases, the Court held that these issues were not central to the holding of the court. *Id.* at 849. Therefore, since the controlling precedent requires an explicit waiver, the defendant's motion for acquittal based on the statute of limitations is procedurally proper. Thus, the court turns to the substantive aspects of the argument.

(4:10 CR 415)

B. The substantive argument made by the defendant in respect to his motion for acquittal or a new trial based on the alleged expiration of the statute of limitations fails.

On July 27, 2006, the Adam Walsh Child Protection Act was signed into law which abolished the statute of limitations for multiple offenses involving minors, including violations of 18 U.S.C. § 2252(a)(2), for which the defendant has been found guilty. The defendant's motion for acquittal or for a new trial fails because the relevant statute of limitations had been abolished. The removal of a statute of limitations defense, as provided by the Adam Walsh Act, was enacted prior to the time the original five-year statute of limitation had expired with respect to the defendant's alleged conduct.

The defendant argues that since the misconduct alleged in the indictment occurred prior to the enactment of the Adam Walsh Child Protection Act, which abolished the five-year statute of limitations, Count I and much of Count II fall beyond the statute of limitations period of five years. The argument posed by the defendant states that he should be acquitted based on the statute of limitations for Count I and II, and a new trial should be granted for the remaining charges since it was prejudicial for the jury to hear evidence on the first two counts.

Congress has the power to extend the period of limitations without violating the *ex post facto* clause, provided the period has not already expired. *Falter v. United States*, 23 F.2d 420, 425-26 (2nd Cir.1928); *see also United States v. Richardson*, 512 F.2d 105, 106 (2nd Cir. 1975); *United States v. Schneider*, No. 10-29, 2010 WL 3656027, at * 1 (E.D.Pa. 2010). The Sixth Circuit has held that a statute of limitation can be extended as long as previous statute of limitations has not expired prior to the enactment of the extension. *United States v. Knipp*, 963 F.2d 839 (6th Cir. 1992). In *Knipp*, the defendant's conduct occurred when the statute of

4

(4:10 CR 415)

limitations period was five years, but the statute of limitations period was increased to ten years prior to the initial time period expiring.  The Sixth Circuit held that since the five-year statute of limitations period had not been reached when the time extension was adopted, there was no violation of the *ex post facto* clause when the defendant was indicted after the five-year period, but before the ten-year limitation was reached.  *Id.* At 844.

In the present case, the conduct the defendant is claiming fell outside of the statute of limitations occurred from August 28, 2002 until March 7, 2004, and from January 15, 2006 and July 19, 2006.  In order for these alleged crimes to be barred by the statute of limitations, the five- year limit must have run prior to the enactment of the Adam Walsh Act on July 27, 2006.  Since the five-year period set forth in the existing statute of limitations had not been reached prior to the adoption of the Adam Walsh Act, the prosecution of Counts I and II is not barred by the statute of limitations that was in place when the alleged conduct initially occurred.  Additionally, the defendant's *ex post facto* rights were not violated.

Thus, the Court holds that the previous statute of limitation five-year period does not apply to or benefit the defendant.  Therefore, the defendant is not entitled to an acquittal on Counts I and II and a new trial is not warranted.

### III.  Is the Defendant Entitled to be Released Pending Sentencing

The statute that governs the release of defendants who have been convicted by a jury and are awaiting sentencing is 18 U.S.C. § 3143(a).  The statute states:

> (1) ...[T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence ... be detained unless the judicial officer finds by clear and convincing evidence that the person is not likely

(4:10 CR 415)

>to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).
>
>(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting the imposition or execution of sentence be detained unless:
>
>(A)(i) the judicial officer finds that there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
>(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
>(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

This statute requires the defendants who are convicted of crimes of violence as defined in 18 U.S.C. § 3156(a)(4)(C), which includes all crimes committed under Chapter 110 of the United States Code, be detained unless the Court finds either subsection (A)(i) or (A)(ii) has been established. 18 U.S.C. § 3143(a)(2). The crimes the defendant has been convicted of are found under Chapter 110, and thus, he has been convicted of four crimes of violence in which he is required to be detained him pursuant to 18 U.S.C. § 3143(a)(2) unless the exceptions applies.

The Court finds that there is not a substantial likelihood that a motion for acquittal or new trial will be granted for the reasons discussed above in response to the defendant's motion for acquittal or a new trial. The crimes for which the defendant has been convicted, carries a minimum five year mandatory sentence. The defendant has not established application of subsection (A)(i) or (A)(ii), and thus, the Court is not required to consider whether or not the

(4:10 CR 415)

defendant is likely to flee or pose a danger to any other person or the community.

Consequently, the defendant is ordered detained pending his sentencing hearing on November 9, 2011.

IT IS SO ORDERED.

| | |
|---|---|
| _August 17, 2011_ | _s/ David D. Dowd, Jr._ |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |